IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DUSTIN FRAZIER**     **MOVANT**

**V.**     **NO. 1:18-CV-125-DMB**
**(NO. 1:16-CR-85-DMB-DAS)**

**UNITED STATES OF AMERICA**     **RESPONDENT**

## ORDER

On June 29, 2017, Dustin S. Frazier was sentenced to fifteen months imprisonment for possession with intent to distribute and distribution of methamphetamine, and sixty months imprisonment for possession of a firearm in furtherance of drug trafficking, with such terms to run consecutively. Doc. #45 at 1, 2. On June 29, 2018, Frazier, pursuant to 28 U.S.C. § 2255, filed a motion to vacate his sentence. Doc. #47. The Court noticed a November 6, 2019, evidentiary hearing on Frazier's § 2255 motion. Doc. #57. The hearing was reset numerous times for various reasons, including to accommodate the attendance of witnesses, to allow Frazier to obtain new counsel, and to allow for Frazier's transportation[1] to this district for the hearing. The evidentiary hearing is currently set for December 11, 2020. Doc. #79.

On October 29, 2020, Frazier filed an unopposed motion to dismiss his § 2255 motion, which includes no explanation for the requested dismissal. Doc. #77. After the Court directed Frazier to supplement the motion to explain the request for dismissal, Frazier filed a supplement to his motion to dismiss. Doc. #81. Frazier's supplement states that he wishes to dismiss his § 2255 motion because he (1) believes he will be eligible for early release and "does not want to jeopardize any chance he may have for early release;" (2) has "served a substantial portion of his

---

[1] Frazier has been serving his sentence at a BOP facility in Atlanta, Georgia. His transportation to this district was delayed to some extent by the ongoing pandemic. Concerns about the safety of the parties, counsel, witnesses and court staff amid this pandemic also were the reason the Court continued the hearing on its own motion in some instances.

sentence and feels it is in his best interest to finish the remainder of his term whether or not he is eligible for early release;" and (3) suffers from various health conditions that place him at a greater risk for COVID-19 complications and believes "based on the information available to him and his observations that he has much greater exposure to the COVID-19 virus at the Tallahatchie County Correctional Facility than he does at the Federal Bureau of Prison's facility in Atlanta, Georgia" where he is currently incarcerated.  *Id.* at 1–2.  The supplement further states that the government continues to have no objection to Frazier's request for dismissal.  *Id.* at 3.

The Rules Governing Section 2255 Proceedings do not include a mechanism for voluntary dismissal of a § 2255 motion.  However, the § 2255 Rules provide that the Federal Rules of Civil Procedure apply to § 2255 motions "to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2255 Cases]."  R. 12, Rules Governing Section 2255 Proceedings.  Accordingly, Rule 41 of the Federal Rules of Civil Procedure "applies to § 2255 cases."  *Zamor v. United States*, __ F. App'x __, No. 19-11982, 2020 WL 5507812, at *3 n.3 (11th Cir. Sept. 14, 2020).

Rule 41 provides that a "plaintiff may dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or … a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1).  Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Because Frazier did not file a notice of dismissal or a stipulation signed by all parties, dismissal is warranted only on terms that this Court considers proper.

"[A]s a general rule, motions for voluntary dismissal [under Rule 41] should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

2

While this Court questions the assumptions underlying Frazier's stated reasons for dismissal, the government has not identified any plain legal prejudice it would suffer from a dismissal. Accordingly, the motion to dismiss [77], as supplemented [81], is **GRANTED**.[2]  This case is **DISMISSED without prejudice**.[3]

    **SO ORDERED**, this 16th day of November, 2020.

                                        **/s/Debra M. Brown**
                                        **UNITED STATES DISTRICT JUDGE**

---

[2] "Granting [a] motion for nonsuit is not subject to the certificate of appealability requirement." *Lopez-Ramoz v. United States*, No. 7:16-cv-419, 2019 WL 359934, at *3 (S.D. Tex. Jan. 10, 2019).  Accordingly, the Court need not consider whether a certificate of appealability is warranted.

[3] Neither the motion nor the supplement clarifies the nature of the requested dismissal.  In the absence of any indication otherwise, the Court presumes Frazier seeks a dismissal without prejudice.  *See generally Williams v. Taylor-Seidenbach, Inc.*, 748 F. App'x 584, 587 (5th Cir. 2018) ("[T]his court presumes that a voluntary dismissal takes place without prejudice, unless stated otherwise.").